SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

## Justin Wild v. Carriage Funeral Holdings, Inc. (A-91-18) (082836)

**(NOTE:  The Court did not write a plenary opinion in this case and instead affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Fisher's opinion, published at 458 N.J. Super. 416 (App. Div. 2019).)**

**Argued February 4, 2020 -- Decided March 10, 2020**

**PER CURIAM**

In this appeal, the Court considers whether plaintiff Justin Wild's unlawful discrimination suit against his former employer and others, based in part on the Law Against Discrimination (LAD), was properly dismissed in light of certain language in the New Jersey Compassionate Use Medical Marijuana Act (Compassionate Use Act).

Plaintiff alleged that, in 2013, he began working for Carriage Funeral Holdings, Inc. (Carriage), as a licensed funeral director. In 2015, plaintiff was diagnosed with cancer. As part of his treatment, his physician prescribed marijuana as permitted by the Compassionate Use Act. In May 2016, while working a funeral, a vehicle plaintiff was driving was struck by a vehicle that ran a stop sign. At the hospital, plaintiff advised a treating physician that he had a license to possess medical marijuana. The physician responded that "it was clear [plaintiff] was not under the influence of marijuana, and therefore no blood tests were required." Defendant David Feeney indicated that plaintiff would need a test to return to work.

The following week, plaintiff worked at a funeral. Several days later, Feeney told plaintiff that "corporate" was unable to "handle" his marijuana use and that his employment was "being terminated because they found drugs in your system." Feeney also said he called defendant Ginny Sanzo to tell her plaintiff had been terminated because of "drugs." In a June 3, 2016 letter, "corporate" advised plaintiff he had been terminated not because of his drug use, but because he failed to disclose his use of medication, which might adversely affect his ability to perform his job duties.

A couple of months after the termination of his employment, plaintiff's mother received a telephone call from someone who worked for another funeral home who said she heard plaintiff was fired because he was "a drug addict" and said that rumor made the rounds at the Bergen County Funeral Directors' Association meeting.

1

Based on those allegations, plaintiff claimed Carriage could not lawfully terminate his employment without violating the LAD. The trial court granted defendants' motion to dismiss after determining that the Compassionate Use Act "does not contain employment-related protections for licensed users of medical marijuana." The Appellate Division reversed. 458 N.J. Super. 416, 421, 435 (App. Div. 2019).

The Appellate Division observed that "plaintiff alleges a disability that qualified his use of medical marijuana" and that the LAD makes it unlawful "[f]or an employer, because of the . . . disability . . . of any individual, . . . to discharge . . . or to discriminate against such individual . . . in terms, conditions or privileges of employment," id. at 427 (quoting N.J.S.A. 10:5-12(a)), "unless the nature and extent of the disability reasonably precludes the performance of the particular employment," ibid. (quoting N.J.S.A. 10:5-4.1). The appellate court then rejected plaintiff's contention that the Compassionate Use Act was in conflict with the LAD. Id. at 428. Stressing the Compassionate Use Act's express provision that "[n]othing in this act shall be construed to require . . . an employer to accommodate the medical use of marijuana in any workplace," ibid. (quoting N.J.S.A. 24:6I-14), the appellate court stated, "Those words can only mean one thing: the Compassionate Use Act intended to cause no impact on existing employment rights. The Compassionate Use Act neither created new employment rights nor destroyed existing employment rights; it certainly expressed no intent to alter the LAD," ibid.

Ultimately, the Appellate Division determined that this "matter boils down to . . . whether plaintiff sufficiently stated one or more causes of action under the LAD." Id. at 429. The court noted defendants' argument "that plaintiff failed to sufficiently allege an LAD claim because he did not allege defendants were aware of his alleged disability nor did he allege that an accommodation was sought" but concluded that defendants were mistaken: although "plaintiff pleaded his claims" via "dozens of enumerated paragraphs," the allegations set forth in those paragraphs, summarized above, "more than adequately rebut the claim that plaintiff failed to allege this necessary aspect of his LAD claims." Id. at 430-32. The court stressed that "it is enough to survive [a motion to dismiss for failure to state a claim upon which relief might be granted] that a plaintiff has uttered the allegations required to support the causes of action asserted." Id. at 433.

The appellate court also noted that "just because" the Compassionate Use Act does not "'require . . . an employer to accommodate the medical use of marijuana in any workplace' does not mean that the LAD may not impose such an obligation, particularly when the declination of an accommodation to such a user relates only to use 'in any workplace.'" Id. at 433-34 (quoting N.J.S.A. 24:6I-14). Stressing that plaintiff "alleged only that he sought an accommodation that would allow his continued use of medical marijuana 'off-site' or during 'off-work hours,'" the Appellate Division reversed the dismissal of his LAD claims. Id. at 434.

The Court granted certification. 238 N.J. 489 (2019).

2

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in that court's opinion. The Court declines, however, to adopt the Appellate Division's view that "the Compassionate Use Act intended to cause no impact on existing employment rights." See 458 N.J. Super. at 428.

1. The Court concurs with the Appellate Division that plaintiff has stated a claim sufficient to survive defendants' motion to dismiss and that there is no conflict between the Compassionate Use Act and the LAD. (pp. 2-3)

2. The Court notes, however, that as plaintiff acknowledged at oral argument, had the Legislature not enacted the Compassionate Use Act, he would have no LAD claim for disability discrimination or failure to accommodate following the termination of his employment. The Compassionate Use Act does have an impact on plaintiff's existing employment rights. In a case such as this, in which plaintiff alleges that the Compassionate Use Act authorized his use of medical marijuana outside the workplace, that Act's provisions may be harmonized with the law governing LAD disability discrimination claims. Two particular provisions of the Compassionate Use Act may affect a LAD discrimination or failure to accommodate claim in certain settings. In N.J.S.A. 24:6I-14 (2018), the Legislature provided that "[n]othing in [the Compassionate Use Act] shall be construed to require . . . an employer to accommodate the medical use of marijuana in any workplace." In N.J.S.A. 24:6I-8 (2018), the Legislature further stated in part that the Act "shall not be construed to permit a person to: a. operate, navigate or be in actual physical control of any vehicle, aircraft, railroad train, stationary heavy equipment or vessel while under the influence of marijuana." To the extent that the circumstances surrounding a LAD disability discrimination claim were to implicate one or both of those provisions of the Compassionate Use Act, the Act would have an impact on that claim. (pp. 3-4)

3. At this early stage of this case, in which the facts have yet to be developed and plaintiff's allegations are entitled to every reasonable inference of fact, those provisions do not bar his cause of action. Plaintiff has properly stated a claim under the LAD. (p. 5)

**AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

3

SUPREME COURT OF NEW JERSEY

A-91 September Term 2018

082836

Justin Wild,

Plaintiff-Respondent,

v.

Carriage Funeral Holdings,
Inc. d/b/a Feeney Funeral Home, LLC;
David B. Feeney, and Ginny Sanzo,

Defendants-Appellants.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
458 N.J. Super. 416 (App. Div. 2019).

| Argued | Decided |
|--------|---------|
| February 4, 2020 | March 10, 2020 |

Steven J. Luckner argued the cause for appellants
(Ogletree, Deakins, Nash, Smoak & Stewart, attorneys;
Steven J. Luckner and Michael J. Riccobono, on the
briefs).

Jamison M. Mark argued the cause for respondent (The
Mark Law Firm, attorneys; Jamison M. Mark, on the
brief).

Mayur P. Saxena, Assistant Attorney General, argued the
cause for amicus curiae Attorney General of New Jersey
(Gurbir S. Grewal, Attorney General, attorney; Melissa
H. Raksa, Assistant Attorney General, of counsel, and
Mayur P. Saxena, on the brief).

1

Elizabeth Zuckerman argued the cause for amicus curiae National Employment Lawyers Association of New Jersey (Mason, Griffin & Pierson, attorneys; Elizabeth Zuckerman, on the briefs).

Dillon J. McGuire argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Pashman Stein Walder Hayden and American Civil Liberties Union Foundation, attorneys; CJ Griffin and Jeanne LoCicero, of counsel, and Dillon J. McGuire, on the brief).

PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Fisher's thoughtful published opinion. We add the following brief comments.

We concur with the Appellate Division that at the pleading stage of this case, in which the facts have yet to be developed and plaintiff is entitled to every reasonable inference of fact, plaintiff has stated a claim sufficient to survive defendants' motion to dismiss under Rule 4:6-2. Wild v. Carriage Funeral Holdings, Inc., 458 N.J. Super. 416, 423-24 (App. Div. 2019) (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). We share the Appellate Division's view that there is no conflict between the Compassionate Use Medical Marijuana Act (Compassionate Use Act),

2

N.J.S.A. 24:6I-1 to -16,[1] and the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. Id. at 428.

We decline, however, to adopt the Appellate Division's view that "the Compassionate Use Act intended to cause no impact on existing employment rights." Ibid. Plaintiff's LAD disability discrimination claim derived in part from his assertion that, outside the workplace, he lawfully used medical marijuana prescribed for him in accordance with the Compassionate Use Act, which decriminalized the use of medical marijuana for "any qualifying patient, primary caregiver, alternative treatment center, physician, or any other person acting in accordance with" its terms. N.J.S.A. 24:6I-6(a) (2018); N.J.S.A. 2C:35-18. Plaintiff specifically alleged that his medical marijuana was prescribed for "medical treatment [and] pain management" pursuant to the Compassionate Use Act. As plaintiff acknowledged at oral argument, had the Legislature not enacted the Compassionate Use Act, he would have no LAD claim for disability discrimination or failure to accommodate following the termination of his employment.

---

[1] The Compassionate Use Act was amended after the events of this case. See L. 2019, c. 153, § 1 (2019). The Court therefore cites and applies the statutory provisions as they existed prior to the 2019 amendments, as indicated by the "(2018)" parenthetical. The cited provisions were all modified in 2019.

The Appellate Division correctly identified plaintiff's disability discrimination and failure to accommodate causes of action as LAD claims to be evaluated under LAD standards, Wild, 458 N.J. Super. at 429-32; however, the Compassionate Use Act does have an impact on plaintiff's existing employment rights. In a case such as this, in which plaintiff alleges that the Compassionate Use Act authorized his use of medical marijuana outside the workplace, that Act's provisions may be harmonized with the law governing LAD disability discrimination claims.

We add only that two particular provisions of the Compassionate Use Act may affect a LAD discrimination or failure to accommodate claim in certain settings. In N.J.S.A. 24:6I-14 (2018), the Legislature provided that "[n]othing in [the Compassionate Use Act] shall be construed to require . . . an employer to accommodate the medical use of marijuana in any workplace." In N.J.S.A. 24:6I-8 (2018), the Legislature further stated in part that the Act "shall not be construed to permit a person to: a. operate, navigate or be in actual physical control of any vehicle, aircraft, railroad train, stationary heavy equipment or vessel while under the influence of marijuana." To the extent that the circumstances surrounding a LAD disability discrimination claim were to implicate one or both of those provisions of the Compassionate Use Act, the Act would have an impact on that claim.

4

At this early stage of this case, in which the facts have yet to be developed and plaintiff's allegations are entitled to every reasonable inference of fact, we do not view those provisions to bar his cause of action. We agree with the Appellate Division that plaintiff has properly stated a claim under the LAD.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.